# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3366
_____

United States of America

*Plaintiff - Appellee*

v.

Theodore John Sartori, Sr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: May 12, 2026
Filed: May 18, 2026
[Unpublished]
_____

Before GRUENDER, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Theodore Sartori appeals the above-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to a sex offense. On appeal, he challenges the

_____

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

substantive reasonableness of the sentence and argues the court improperly relied on, and gave too much weight to, an improper factor by punishing him for objections and statements by defense counsel.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Sartori. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (in reviewing sentences, appellate court first ensures no significant procedural error occurred, then considers substantive reasonableness of sentence under abuse-of-discretion standard). The court committed no error in considering, but ultimately disagreeing with, defense counsel's arguments; and the record contradicts Sartori's contention that his sentence was based on counsel's objections or statements. See Concepcion v. United States, 597 U.S. 481, 501 (2022) (it is well established that district court must generally consider parties' nonfrivolous arguments but is not required to be persuaded by them); see also United States v. Mays, 993 F.3d 607, 620 (8th Cir. 2021) (rejecting argument that district court's comments regarding defendant's lack of remorse showed court relied on erroneous facts; court did not commit error, much less plain error, as record as whole showed defendant misinterpreted court's statements). Further, the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors or in varying upward based exclusively on the nature, severity, and duration of the offense. See Feemster, 572 F.3d at 461 (abuse of discretion occurs when court gives significant weight to improper or irrelevant factor, fails to consider relevant factor, or commits clear error of judgment in weighing appropriate factors); see also Gall v. United States, 552 U.S. 38, 51 (2007) (this court must give due deference to district court's decision that sentencing factors justify variance).

Accordingly, we affirm.

_____